**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ORLANDO ALEJANDRO ORTIZ and SONIA RODRIGUEZ JIMENEZ, individually, and on behalf of their minor children, JAN ANTHONY ALEJANDRO-RODRIGUEZ and BRYAN ALEJANDRO-RODRIGUEZ,<br><br>    Plaintiffs<br><br>        vs.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY; AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO, INC.<br><br>    Defendants | CIVIL NO.: 10- 1320<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiffs, ORLANDO ALEJANDRO ORTIZ and SONIA RODRIGUEZ JIMENEZ, individually, and on behalf of their minor children JAN ANTHONY ALEJANDRO-RODRIGUEZ and BRYAN ALEJANDRO-RODRIGUEZ, by and through their undersigned attorney and very respectfully state, allege and pray as follows:

**JURISDICTION AND VENUE**

1.   This Honorable Court has jurisdiction pursuant to 28 U.S.C.§ 1332 over the state law claims under Articles 1802 and 1803 of the Civil Code of Puerto Rico, sections 5141 et seq. of Title 31 of the Laws of Puerto Rico Annotated. The matter in controversy

exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

2.   This Court has venue pursuant to 28 U.S.C. § 1391 because, as detailed herein, the claims asserted in this action arose in this judicial district.

## THE PARTIES

3.   Plaintiffs Orlando Alejandro Ortiz and Sonia Rodriguez Jimenez, and their minor children, Jan Anthony Alejandro-Rodriguez and Bryan Alejandro-Rodriguez, are domiciled in the State of Texas where they are permanent residents.

4.   Defendant, Puerto Rico Electric Power Authority (hereinafter PREPA) is a corporation organized under the laws of Puerto Rico where it has its principal place of business.

5.   Defendant, American International Insurance Company of Puerto Rico, Inc. (herein-after "AIICO") is a corporation organized under the laws of Puerto Rico where it has its principal place of business.

## FACTS OF THE CASE

6.   The incident ("Subject Incident") which is the basis of this lawsuit occurred at about 5:00 am in the early morning of May 6, 2008, on Road 156, Km 51 (interior) in Sector Bairoa and near the town of Aguas Buenas, Puerto Rico.  More specifically, the Subject Incident occurred on a road ("Subject Road") which has a "T" intersection with Road 156, and Frank's Service Station is located at this intersection. Moreover, more specifically, the location of the Subject Incident

is about 250 meters (estimate) from the "T" intersection of the Subject
Road with Road 156, and it occurred on a small hill.

7.    On May 6, 2008, Plaintiff Orlando Alejandro was employed
as a garbage collector for BFI, a garbage collection company.  His
fellow crewman on May 6, 2008 was Jose Angel Barreto Diaz ("Barreto").
On May 6, 2008, Plaintiff Alejandro and his crewman Barreto first
encountered a PREPA electric power line that sagged as it crossed
the Subject Road and therefore had gotten closer to the Subject Road.
Plaintiff Orlando Alejandro and his crewman, Barreto, were picking
up trash from the houses along the Subject Road, and they had picked
up the trash from two (2) houses before the Subject Incident occurred.

8.    The first time Plaintiff Alejandro and Barreto became
aware of the sagging power line was when it made contact in the dark
with the rear of the truck. Plaintiff was riding outside on the rear
of the truck and Mr. Barreto was driving.  The garbage truck was
proceeding on the Subject Road in reverse when a PREPA sagging power
line ("Subject Power Line") contacted the garbage truck near the top
of the truck and at the rear of the truck.  Plaintiff Alejandro then
called out to Barreto to stop the truck because the Subject Power
Line was too low for the truck to proceed.

9.    After the garbage truck stopped, Plaintiff Orlando
Alejandro climbed up on the top of the truck at the rear of the truck.
Mr. Barreto then threw a piece of rope to Plaintiff Orlando Alejandro
which the crew kept in the truck behind the seat for just this kind
of situation.  Using the rope, Plaintiff tied the rope to the sagging

power line, threw the rope over the next power line above, pulled on the rope and was able to raise the sagging power line enough that the garbage truck could drive underneath it.

10.   After driving a short additional distance on the Subject Road, the garbage truck made contact with a second sagging power line. Plaintiff Orlando Alejandro again tried to use the same procedure for raising the power line which he had used on the first occasion. Plaintiff Orlando Alejandro tied the rope to the lowest sagging power line with which the garbage truck had made contact.   Plaintiff Orlando Alejandro then threw the piece of rope over the next power line above and began to pull on the rope in order to raise the power line that was contacting the garbage truck.   When Plaintiff threw the piece of rope over the next highest power line and began to pull on the rope, there was an electrical discharge and Plaintiff Alejandro was severely injured, particularly in both hands and wrists.

11.   The electrical discharge knocked Plaintiff Orlando Alejandro down on the top of the garbage truck and his head, arms and upper torso were hanging down the side of the truck while his legs were on the top of the truck. He was in severe pain. Mr. Barreto was able to get Orlando Alejandro down to the roadway.

12.   Plaintiff was then taken to a hospital in Aguas Buenas. On that day, May 6, 2008, he was transferred to the Industrial Hospital in San Juan, Puerto Rico, where he remained hospitalized

until December 23, 2008, about eight (8) months from the date of the Subject Incident.

13.   In a letter to Plaintiff Orlando Alejandro dated January 22, 2010, the State Insurance Fund advised him that he was discharged from the State Insurance Fund, effective on December 1, 2009.

## CAUSES OF ACTION

14.   Defendant American International Insurance Company of Puerto Rico, Inc. ("AIICO") is liable for Plaintiffs' damages under the terms of the insurance policy and contract which it issued to Defendant PREPA and which provides coverage for incidents such as the Subject Incident, pursuant to the Puerto Rico Insurance Code.

15.   Defendant PREPA is liable for Plaintiffs' damages because such damages were caused by the negligence of Defendant PREPA and its agents, servants and employees who were then and there working within the scope of their employment for PREPA.

16.   Defendant PREPA is liable because it failed to properly inspect its power lines at the location of the Subject Incident during the three (3) years immediately prior to the Subject Incident on May 6, 2008.

17.   Defendant PREPA is liable for Plaintiffs' damages because it negligently failed to repair the sagging power lines at the location of the Subject Incident prior May 6, 2008. There were three (3) power lines in question which crossed the Subject Road that were badly sagging on that day. They obviously presented a safety hazard to vehicles and persons traveling on the road. However, in spite of

the knowledge of this safety hazard, PREPA did not repair the sagging power lines in question and, in fact, did nothing about this safety hazard prior to this date.

18.   Defendant PREPA violated Section 232.B.1 and Table 232.1 of the National Electric Safety Code ("NESC") because the clearance between the sagging power line and the Subject Roadway on May 6, 2008 at the location of the Subject Incident was substantially less than the minimum prescribed clearance of twenty (20) feet above roadways.

19.   Defendant PREPA violated the NESC and its own Rules on May 6, 2008 which required a minimum clearance for its power lines above roadways because its power line sagged over the Subject Road and caused the Subject Incident.

20.   Defendant PREPA had knowledge prior to May 6, 2008 that its power lines crossing the Subject Road at the location of the Subject Incident were substantially lower than the minimum clearance of 20 feet above a roadway provided both by the NESC and PREPA's Rules on this subject.   Prior to May 6, 2008, Defendant PREPA did nothing to remedy this severe safety hazard to vehicles and persons who were traveling on the Subject Road.

21.   Plaintiff Orlando Alejandro received severe injuries from the electrical discharge on May 6, 2008. The muscles, tendons and nerves in his hands and wrists were permanently destroyed or damaged. As a result, Orlando Alejandro has little strength in his hands and very little grip. He can only carry small amounts of weight. On the other hand, he cannot grip or manipulate small objects with his hands

or fingers. Since the electrical discharge on May 6, 2008 Plaintiff Orlando Alejandro does not have any feeling in both of his hands and cannot feel hot or cold in either of his hands.

22.  Plaintiff Orlando Alejandro has performed manual labor all of his life and he is now totally and permanently disabled from doing it.  In fact, he is totally and permanently disabled from performing any heavy work, like garbage collection, that he was doing on May 6, 2008. He has only a fifth grade education and he has no other employment skills or trades. Effectively, Orlando Alejandro is permanently disabled from any work because of his age, a fifth grade education, the lack of other skills or trades and the severe disability from the injuries which he received in the Subject Incident.

23.  As a result of the injuries he received in the Subject Incident, Plaintiff Orlando Alejandro has been caused to suffer severe physical pain and mental anguish as a result of these injuries in the past and will, in reasonable probability, suffer from such in the future.

24.  As a result of these injuries, Plaintiff Orlando Alejandro has required extensive medical treatment in the past and will likely require such medical treatment in the future.

25.  Further, as a result of these injuries, Plaintiff Orlando Alejandro has suffered from physical impairment in the past and will, in reasonable probability, suffer from physical impairment in the future.

26.   Also, as a result of these injuries, Plaintiff Orlando Alejandro sustained a substantial loss of earnings and earning capacity in the past and will, in reasonable probability, suffer such losses in the future.

27.   As a result of the injuries which he received in the Subject Incident, Plaintiff Orlando Alejandro has suffered from physical disfigurement in the past and will likely suffer such physical disfigurement in the future.

28.   Prior to the Subject Incident on May 6, 2008, Plaintiff Orlando Alejandro enjoyed cooking and he would sometimes assist his wife in that regard. As a result of the Subject Incident, he cannot cook because he cannot perform most of the usual tasks of cooking, including opening bottles and cans, cutting meat and vegetables and holding various kitchen tools.

29.   That, prior to the Subject Incident on May 6, 2008, Plaintiff Orlando Alejandro performed work around his home, which he can no longer perform, including yard work; washing the family automobile; painting the house; construction work around the house; and changing the tires or oil on the family car. Moreover, he can no longer lift heavy things like furniture.

30.   Prior to the Subject Incident on May 6, 2008, Plaintiff Orlando Alejandro enjoyed playing with his boys. They played basketball together and swam together and he occasionally took them to the park. However, he can no longer participate in these activities with his sons. He also enjoyed fishing with his sons but he can no

longer fish because he cannot manipulate fishing reels, fishing lures and live bait.

31.   Orlando Alejandro has had difficulty with the usual activities of daily living. He needs help from his wife, including: putting on and taking off his clothes; putting on his shoes; and tying the shoe strings on his shoes. He must have assistance from his wife in the bathroom in taking a bath or a shower. Among other things, he cannot hold a bar of soap.

32.   As a result of the injuries he received in the Subject Incident, Orlando Alejandro has had difficulty at mealtimes. He cannot grip or hold a cup or a glass in order to drink from them. He has difficulty eating food because he cannot grip and hold the various utensils. Moreover, since he cannot cut meat or vegetables with a knife, he must have assistance from his wife just to eat a meal.

33.   Plaintiff Orlando Alejandro cannot sign his name and therefore has difficulty in conducting any personal business.

34.   In addition to his physical disability, Plaintiff Orlando Alejandro has suffered from mental anguish since the Subject Incident on May 6, 2008.  Since then, Plaintiff Orlando Alejandro has not even spoken to other people whom he knows and he gets mad very easily. He calls himself "useless" and he tells his wife that he is a burden on her.

35.   Plaintiff Sonia Rodriguez Jimenez is the wife of Plaintiff Orlando Alejandro Ortiz and the mother of their sons, Jan Anthony Alejandro-Rodriguez and Bryan Alejandro-Rodriguez. The Subject Incident on May 6, 2008 drastically changed the life of Sonia Rodriguez since much of the work of their family has fallen on her. She has had to take care of her husband while at the same time she must take care of and manage two young boys.

36.   That, prior to the Subject Incident on May 6, 2008, Sonia and Orlando sometimes did things together which Orlando is no longer is able to do. For example, they would occasionally go out to dinner at a restaurant together. Since the Subject Incident of May 6, 2008, Orlando Alejandro has not wanted to do anything of a social or public nature because he is embarrassed about his hands and the great difficulty which he has in attempting to eat food with utensils. Since Sonia must help him eat his food, it is very embarrassing to Orlando. Moreover, since May 6, 2008, Orlando has talked very little to Sonia and eating out at a restaurant is therefore not a pleasant experience for her.

37.   Plaintiff Sonia Rodriguez Jimenez has had a loss of consortium since May 6, 2008 and the care, nurture, guidance, companionship, love and affection between Orlando and Sonia have been greatly diminished since May 6, 2008 by Orlando's physical disabilities as well as his emotional state since the Subject Incident on May 6, 2008.

38.   That, Plaintiff Jan Anthony Alejandro-Rodriguez (Age: 9) and Bryan Alejandro-Rodriguez (Age: 10) are the natural sons of Plaintiff Orlando Alejandro Ortiz and Plaintiff Sonia Rodriguez Jimenez.   Prior to the Subject Incident on May 6, 2008, these boys had a very close relationship with their father, Orlando Alejandro Ortiz.   After work each day and often on the weekends, their father, Orlando Alejandro, would often take them to the park or swimming. He often played basketball with them. Moreover, their father would take them with him when he went fishing. Since May 6, 2008, Orlando Alejandro has not been able to participate in such activities with his sons.

39.   That since the Subject Incident on May 6, 2008, there has been a great change in their father, Orlando Alejandro, and he seldom spends any time with his sons. The boys do not understand what has happened and they just say "Dad just can't do things." Since the Subject Incident, Orlando Alejandro is often moody and simply doesn't talk with his boys for long periods of time. Moreover, when they have problems, they can no longer come to him since the Subject Incident on May 6, 2008 and get his help and guidance.

40.   That, the damages of Plaintiff Orlando Alejandro, his wife and his sons as a result of the Subject Incident on May 6, 2008 are substantial.

41.   Plaintiffs respectfully request that all of the material fact issues in this case be tried by a jury of their peers.

42.   In the event that the Defendants deny their negligence and liability for the Subject Incident and Plaintiffs' resulting injuries and damages, Plaintiffs hereby request the imposition of pre-judgment and post-judgment interest and attorney's fees in this case at the maximum rate allowed by law.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, in the just and reasonable sum of Twenty Million Dollars ($20,000,000.00), together with interest, costs, and reasonable attorney fees, and for such other and further relief as may be appropriate under the circumstances.

In San Juan, Puerto Rico, this 16th day of April, 2010.

**RESPECTFULLY SUBMITTED.**

David Efron
USDC - PR #125701
Law Offices David Efron, PC
Attorneys for Plaintiffs
PO Box 29314
San Juan, PR 00929-0314
Tel.: (787) 753-6455
Fax:  (787) 758-5515
Email: efron@davidefronlaw.com