IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO ALEJANDRO ORTIZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL., <br><br> Defendants. | CIVIL NO. 10-1320 (FAB/CVR) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Plaintiffs Orlando Alejandro-Ortiz, his wife Sonia Rodríguez-Jiménez, their community property, and in representation of their minor children (hereafter "plaintiffs" and/or "plaintiff Alejandro-Ortiz") filed a complaint against defendants the Puerto Rico Electric Power Authority and its insurance company American International Insurance Co. of Puerto Rico (hereafter defendants "PREPA" and/or "AIICO"). Plaintiff Alejandro-Ortiz' claims, under diversity jurisdiction, resulting damages he suffered while employed with a private garbage collection company wherein he encountered electric power lines under the care and responsibility of PREPA causing him to suffer an electrical discharge. (Docket No. 1).

Defendant PREPA recently filed a request for dismissal of plaintiffs' complaint on grounds they failed to comply with the requirements asserting diversity of citizenship jurisdiction, that is, complete diversity between the parties. (Docket No. 200). Plaintiffs filed their response in opposition submitting an affidavit and attached documentation to rebut defendant's contention regarding the domicile and/or citizenship of plaintiff

Alejandro-Ortiz. (Docket No. 207).  The court has referred these motions to this Magistrate Judge for report and recommendation.  (Docket No. 209).

## MOTION TO DISMISS STANDARD

The proper vehicle for challenging a court's subject matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1).  Defendant herein has raised not a factual controversy *per se* but rather that plaintiff's evidence as to his domicile to establish diversity is unclear.  In performing an evaluation on the issue, the court credits plaintiff's well-pleaded factual allegations, supported by an explanatory affidavit and some other documentation of uncontested facts, and draws all reasonable inferences from them and dispose of the challenge accordingly.  Attachment of exhibits to a motion to dismiss for lack of subject matter jurisdiction do not convert it to a summary judgment motion.[1]

The parties in the present case have had a full and fair opportunity to present all relevant facts and arguments, and on the eve of trial, defendant PREPA is now raising the contention of lack of jurisdiction of the Court because of alleged uncertainty as to plaintiff's domicile and/or citizenship for diversity purposes of the claim. Still, jurisdictional issues may be filed with the Court at any stage of the proceedings.  "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Gonzalez, 311 F.3d 440, 441 (1st Cir. 2002) ("[A] court is expected to raise

---

[1]  A Rule 12(b)(1) motion is sometimes transformed into a Rule 56 motion where jurisdictional issues cannot be separated from the merits of the case.  González v. United States, 284 F.3d 281 (citing Valentin v. Hospital Bella Vista, 254 F.3d 358,  363  n.3).

the subject-matter jurisdiction objection on its own motion at any stage and even if no party objects." ).

As to the need of a hearing to entertain the motion to dismiss, we note defendant PREPA is not attacking the credibility of plaintiff Alejandro-Ortiz *per se* nor has it alleged that plaintiff has lied about his domicile. The issue is raised by defendant PREPA as an alleged lack of sufficient information at this stage to be certain of the domicile of plaintiff Alejandro-Ortiz. As such, an evidentiary hearing is not deemed necessary in this case because no credibility determinations are at issue.

Moreover, a motion to dismiss attacking accuracy of facts alleged in support of diversity jurisdiction could be determined without conducting an evidentiary hearing where parties were afforded ample time to take depositions, compile written submissions, and prepare briefs. *See* Valentin v. Hospital Bella Vista, 254 F.3d 358 (1st Cir. 2001). Such being the situation in this case, this Magistrate Judge has herein determined the parties' submissions are sufficient to entertain the issue raised without need for an evidentiary hearing.

**LEGAL DISCUSSION**

Defendant PREPA now requests dismissal under Rule 12(b)(1) and 56 of the Federal Rules of Civil Procedure based on arguments related to the domicile of plaintiff Alejandro-Ortiz asserted in the complaint as the state of Texas.  Defendant submits it is still unclear if he is domiciled in another state other than Puerto Rico and whether his intention to remain in the purported domicile is permanent or indefinite.  As such, defendant PREPA

considers plaintiff Alejandro-Ortiz should be considered to remain a citizen of Puerto Rico with domicile herein, and as a result, there is lack of diversity jurisdiction between the parties diverting this Court of jurisdiction.

Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See* Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Droz Serrano v. Caribbean Records Inc., 270 F.Supp. 2d 217 (D. Puerto Rico 2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." *See* Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). When federal jurisdiction is premised on the diversity statute, courts must determine whether complete diversity exists among all plaintiffs and all defendants. Casas Office Machines v. Mita Copystar America, Inc., 42 F.3d 668, 673 (1st Cir. 1994).

For purposes of diversity jurisdiction, citizenship usually is equated with domicile. Valentín v. Hospital Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). A person is a citizen of the state in which he is domiciled. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991). Domicile generally requires two elements: (1) physical presence in a state, and (2) the intent to remain there indefinitely. Valentín, 254 F.3d at 366. A person's domicile is the "place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. (citing Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988)). The person is not required to have the intention to stay there permanently, however. A plaintiff maintains his domicile

until it can be proven that he has changed it. *Id*. While a person may have more than one residence, a person can have only one domicile. *See* Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979). To ascertain a person's domicile (particularly if there is evidence that a party's domicile is unclear), the Court must focus on the party's intent. Palermo v. Abrams, 62 F.Supp.2d 408, 410 (D. Puerto Rico 1999). The analysis calls for a "totality of the evidence" approach, and no single factor is conclusive. *Id*. Courts must make these determinations on a case-by-case basis. *Id*.

Some of the factors traditionally considered when determining a party's domicile are: (1) where the person exercises the right to vote; (2) the location of the person's real and personal property; (3) the state issuing the person's driver's license; (4) where the person maintains his bank accounts; (5) club or church membership; and (6) the person's place of employment. Palermo, 62 F.Supp.2d at 410 (citing Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992)). "Statements of intent are accorded minimal weight measured against these objective factors." Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 246 (D. Puerto Rico 1998).

The determination of domicile is a mixed question of law and fact. Palermo, 62 F.Supp.2d at 410. Domicile is determined as of the time the suit is filed. Lundquist, 946 F.2d at 10, Valedón Martínez v. Hospital Presbiteriano de la Comunidad, Inc., 806 F.2d 1128, 1132 (1st Cir. 1986).

Defendant PREPA in this case challenges in a general manner federal jurisdiction claiming plaintiff Alejandro-Ortiz filed a complaint under diversity but his domicile and

citizenship is unclear. Defendant submits plaintiff had previously bought a house in the municipality of Cidra, Puerto Rico, where he lived for nine (9) years. Since the date the deposition was taken back on December of 2010, defendant PREPA avers plaintiffs have not produced to defendant the documents related to said property. Defendant submits Alejandro-Ortiz does not have a Texas' drivers license and neither has produced the voter's registration evidence. In addition, defendant PREPA avers plaintiff has no cellular phone in Texas, does not work in the state of Texas, and his source of income consists of Social Security payments.

Once jurisdiction is challenged, "the party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction." Bank One, 964 F.2d at 50. Plaintiff Alejandro-Ortiz filed a response in opposition to defendant's request for dismissal submitting a sworn statement, documentary evidence and rebutting by preponderance of the evidence that he should be considered, as proposed by defendant PREPA, a citizen of Puerto Rico. García Pérez v. Santaella, 364 F.3d 348, 351-52 (1st Cir. 2004).

Plaintiff Alejandro-Ortiz submits he has indeed produced numerous documents in discovery, including some of the documents defendant is claiming sufficient to establish he is domiciled in Tomball, Texas, a suburb of Houston, Texas. Plaintiff Alejandro-Ortiz includes with his sworn statement, attached to his response in opposition to defendant's request for dismissal, copies of several documents that defeat the existence of lack of jurisdiction because of domicile being questioned. Insofar as his lack of recitation of the

complete address in Tomball, Texas, plaintiff, who is illiterate with 5th grade education, also had difficulty to state the complete address where he previously resided in Cidra, Puerto Rico. Notwithstanding defendant's argument as to the real estate property plaintiff formerly held in Puerto Rico, previous counsel for defendant PREPA had been provided with copy of the deed of said property, which is also attached to plaintiff's response in opposition. Plaintiff's affidavit submits he pays for several utilities at the rented house that serves as the family dwelling in Tomball, Texas, including a cellular phone, gas, water, phone service and electricity. (Exhibits 3, 4, 5, 6, 7, and 8). Plaintiff included in his statement he holds a voter's registration card in Texas, which items had been previously produced to defendant PREPA. Insofar as the driver's license, plaintiff Alejandro-Ortiz is a disabled individual since the date of the accident which he claims in the complaint, which affected the use of his hands. However, his wife plaintiff Sonia Rodríguez is a house maker who takes care of her husband Alejandro-Ortiz and their children. (Exhibit 9, Ms. Rodríguez' depo., p. 10).

Regarding intention to remain at Tomball, Texas, plaintiff Alejandro-Ortiz submits the married couple has not returned to Puerto Rico since they moved to Texas, except for the taking of depositions required by defendants. They hold no bank accounts nor property in Puerto Rico. Their children are registered for school attendance and have excelled in school in Texas, for which plaintiffs as their parents, have no intention of removing the children from their learning environment. (Exhibits 3 and 9).

Finally, plaintiff Alejandro-Ortiz submits he is under the care of a well-known hand surgeon in Houston, Texas, where he receives medical treatment at the facilities and auspices.

In this particular case, some of the factors traditionally taken into account when determining a person's domicile cannot be applied blindly because of plaintiff's medical condition and his inability to work and hold a driver's license in the state of Texas. Plaintiff is a disabled individual who receives Social Security benefits and is undergoing medical treatment. The fact that he does not derive a significant income cannot be held against him as reason for which he does not own but rather rents a property in Texas, where he also holds a bank account and pays for utilities there, not in Puerto Rico. As the Court of Appeals for the First Circuit expressed in a similarly situated individual:

> It is certainly possible that one might change his residence with no intent of returning, but not make those connections described in Bank One. Any number of explanations are possible –physical or mental incapacity, religious objections, to name a few. **The point is that where a party has declared his intent to change and remain in his new domicile, and the opposing written submissions do not demonstrate the falsity of the declaration with reasonable certainty, the absence of typical indicia of domicile is not determinative**. (Emphasis supplied).

See Padilla-Mangual v. Pavía Hospital, 516 F.3d 29 (1st Cir. 2008).

Considering all the above and the evidence produced by plaintiffs, including the sworn statement of Alejandro-Ortiz and the plaintiffs' deposition testimonies, the documentary evidence, under the preponderance of the evidence, it is considered sufficient

to defeat defendant PREPA's general averment regarding lack of jurisdiction on grounds that plaintiff is not domiciled in a state other than Puerto Rico and thus diversity would be lacking.

In view of the foregoing, given the totality of the circumstances and without any need for credibility determinations, this Magistrate Judge finds plaintiff Alejandro-Ortiz has established by preponderance of the evidence his domicile in Texas for diversity purposes at the time of filing the instant case in federal court.

## CONCLUSION

Accordingly, it is recommended the defendant's request for dismissal for lack of diversity jurisdiction be DENIED. (Docket No. 200).

IT IS SO RECOMMENDED.

Due to the proximity of jury trial in this case, the parties are allowed **five (5) business days** to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st

Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").[2]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 28th day of September of 2011.

                                                s/CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ-RIVE
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are usually reminded that any objections to the Magistrate's Report and Recommendation must be filed with the Clerk of Court "within fourteen (14) days afer being served with a copy thereof.  However, because of the trial scheduling, the Court has reduced said term to **five (5) business days**. Local Rule 72(d); *see also* 28 U.S.C. § 636(b)(1). Furthermore, the Court hereby set aside the three (3) days term provided by Local Rule 5.1. (*See* U.S. v. Diaz-Villafane, 874 F.2d 43, 46 (1 Cir. 1989)(*quoting* Braxton v. Bi-State Dev. Agency, 728 F. 2d 1105, 1107 (8th Cir. 1984) "[i]t is for the district court to determine what departures from it rules may be overlooked")).