IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO ALEJANDRO ORTIZ, ET AL.,

Plaintiffs,

v.

PUERTO RICO ELECTRIC POWER
AUTHORITY, ET AL.,

Defendants.

CIVIL NO.  10-1320 (FAB/CVR)

## REPORT AND RECOMMENDATION

## INTRODUCTION

On April 16, 2010, above plaintiffs Orlando Alejandro-Ortiz, his wife Sonia Rodríguez-Jiménez, their community property, and in representation of their minor children, (hereafter "plaintiffs" and/or "plaintiff Alejandro-Ortiz") filed a complaint against defendants the Puerto Rico Electric Power Authority and its insurance company American International Insurance Co. of Puerto Rico (hereafter defendants "PREPA" and/or "AIICO").  Plaintiff Alejandro-Ortiz' claims under diversity jurisdiction resulting damages he suffered an electrical discharge while employed with a private garbage collection company wherein he encountered electric power lines under the care and responsibility of defendant PREPA.  (Docket No. 1).

On September 18, 2011, defendant PREPA filed a motion to annul the complaint and to dismiss for plaintiff having filed the present complaint prior to the decision of the State Insurance Fund as to plaintiff Alejandro-Ortiz becoming final.  Defendant PREPA now alleges the filing of the complaint against a third-party tortfeasor, such as PREPA, should

be considered premature since there is a period of ninety (90) days during which the affected employee on worker's compensation should not file such a complaint. (Docket No. 202).

Plaintiff Alejandro-Ortiz filed its response in opposition to the eleventh hour request for dismissal filed by defendant PREPA indicating said defendant lacks standing for the dismissal being requested. Plaintiff also submits PREPA's grounds for dismissal lack merit and, even if indeed the complaint was prematurely filed, dismissal is not the appropriate relief.

On September 27, 2011, the Court referred these motions to this Magistrate Judge for report and recommendation while the scheduled trial date of October 17, 2011 remains. (Docket Nos. 205 and 210).

Having examined the parties' submissions, this Magistrate Judge is of the opinion defendant's grounds for dismissal lack merit and should be denied, for which this brief report and recommendation is issued.

## LEGAL DISCUSSION

Defendant PREPA has submitted it is entitled to dismissal of what it claims is a prematurely filed complaint since it was filed prior to expiration of the ninety (90) days allowed to make a claim by a worker against a third-party tortfeasor. Defendant PREPA refers to Sec. 31 of the Workmen's Compensation Act of Puerto Rico, as amended (11 L.P.R.A. §32) to base its request for dismissal claiming the present action was prematurely brought pursuant to said section. Thus, PREPA requests dismissal because the final

Orlando Alejandro-Ortiz, et al. v.  P.R. Electric Power Authority, et al
Civil No. 10-1320 (FAB/CVR)
Report and Recommendation
Page No. 3

decision of the Manager of the Workmen's Compensation Fund, that was rendered on

February 21, 2010, and whose ninety (90) days would have ended by May 22, 2010, is

opposite to plaintiff having filed the present complaint against PREPA on April 16, 2010,[1]

that is,  before the expiration of the period of ninety (90) days from said final decision, as

provided in the aforesaid Section of the Act. (11 L.P.R.A. § 32).

The provision cited by defendant PREPA to sustain its position regarding third party

liability and subrogation provides:

Laws of Puerto Rico Annotated

Title Eleven.  Workmen's Compensation

Chapter 1. Workmen's Accident Compensation

When an injured workman or employee, or his beneficiaries in the case of death, may
be entitled to institute an action for damages against a third party in cases where the
State Insurance Fund, in accordance with the terms of this chapter, is obliged to
compensate in any manner or to furnish treatment, the Manager of the State Insurance
Fund shall subrogate himself in the rights of the workman or employee or of his
beneficiaries, and may institute proceedings against such third party in the name of
the injured workman or employee or his beneficiaries, within the ninety (90) days
following the date of the final and enforceable decision of the case, and any sum
which as a result of the action, or by virtue of a judicial or extrajudicial compromise,
may be obtained in excess of the expenses incurred in the case shall be delivered to
the injured workman or employee or to his beneficiaries entitled thereto. The
workman or employee or his beneficiaries shall be parties in every proceeding
instituted by the Manager under the provisions of this section, and it shall be the duty
of the Manager to serve written notice on them of such proceedings within five (5)
days after the action is instituted.

If the Manager should fail to institute action against the third person responsible as
provided in the preceding paragraph, the workman or employee or his beneficiaries

---

[1]  Plaintiff's opposition considers the ninety (90) day period should be counted as of January 1, 2010, for which this would have expired by April 2, 2010, two weeks before the complaint was filed on April 16, 2010.

shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case.

*Neither the injured workman or employee nor his beneficiaries may institute any action, nor may compromise any cause of action they may have against the third party responsible for the damages until after the expiration of ninety days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund.*

*No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third party responsible within the ninety (90) days subsequent to the date in which the decision is final and enforceable, or after the expiration of said term if the Manager has filed his complaint, shall be valid or effective in law unless the expenses incurred by the State Insurance Fund in the case are first paid. No judgment shall be entered in suits of this nature, and no compromise whatsoever as to the rights of the parties to said suits shall be approved, without making express reserve of the right of the State Insurance Fund to reimbursement of all expenses incurred;* Provided, That the secretary of the part taking cognizance of any claim of the nature above described shall notify the Manager of the State Insurance Fund of any order entered by the court which affects the rights of the parties to the case, as well as the final disposition thereof.

11 L.P.R.A. § 31. (Emphasis supplied).

The applicable section of the Workmen's Accident Compensation Act contains specific provisions which concern the right of the State Insurance Fund to assert subrogation rights against third parties who are responsible for causing injuries to the workman or employee.  Defendant PREPA is the claimed liable third party which has caused harm and injury to the workman, plaintiff Alejandro-Ortíz.  Thus, this section is not intended to be a tool for the third party to use in an effort to avoid being liable to plaintiff. *See* Waterman Steamship Corporation v. Rodríguez, 290 F.2d 175, 178 (1st Cir. 1961) (Referring to § 31 (which has been renumbered) is not intended to provide a shield for a third party tort-feasor).  The Court of Appeals for the First Circuit explained in Waterman,

although related to stevedoring accident and under general maritime law, that those were matters between the plaintiff and the State Insurance Fund Manager with which a defendant is not concerned.

Similarly, in Shetter v. Amerada Hess Corp., 14 F. 3d 934 (3d Cir. 1994),[2] when discussing a similar provision of the Virgin Island's workmen's compensation statute which was patterned under the Puerto Rico Section regarding subrogation, the Court noted the provision is one addressing the State Insurance Fund's  subrogation rights in the event the injured employee had the possibility of recovering damages against a third-party tortfeasor. As such, the provision is aimed to protect the subrogation rights of the State Insurance Fund when an injured employee seeks both compensation under workmen's compensation statute and damages from a third party.

Thus, said section is considered a provision to govern the relationship between the employee and the State Insurance Fund and between the State Insurance Fund and the third-party tortfeasor in subrogation to recover what the State Insurance Fund already paid to the employee and not to confer additional rights to such third-party tortfeasor.

In light of the above interpretation of the provision at hand and the purpose of the same, PREPA, as third-party tortfeasor, lacks standing to use the statute to seek dismissal

---

[2] Although at first blush the statute's language would appear to limit the ability of an employee to institute action against a third-party tortfeasor unless the Commissioner or the State Insurance Fund is a party to the action, this statutory scheme is one designed to protect the subrogation rights of the State Insurance Fund and plaintiff still retains its common law ability to bring claims against potential third-party tortfeasor.  Shetter v. Amerada Hess Corp., 14 F.3d at 941.

in this case in a failed attempt to avoid a general tort claim against plaintiff as the one filed in the instant complaint.

Moreover, when dealing with workmen's compensation, a premature filing against a third-party tortfeasor on the ground plaintiff prosecuted a claim for workmen's compensation prior to the 90-day period after the decision of the compensation claim became final, does not entail the relief requested by defendant PREPA.  Defendant in this case has permitted this suit to continue without making any objection to it on the ground of prematurity.  It is immaterial that the suit was not dismissed and reinstated after the 90-day period since the law does not require a useless act.  *See* Waterman Steamship Corporation, 290 F.2d at 175.  Additionally, the question of prematurity has arisen in other contexts, and courts have indicated that the actions were permitted to go forward because defendants failed to timely object on the grounds of prematurity. *See* Rivera Escobar v. Parke Davis and Co., 671 F. Supp. 895 (D. Puerto Rico 1987)*;* Pabón v. Cotton State Mutual Ins. Co., 196 F.Supp. 586 (D. Puerto Rico 1961).

In the present case, defendant PREPA filed the request for dismissal on September 18, 2011, while the complaint it now attempts to dismiss was filed back on April 16, 2010. Meanwhile, the parties have zealously litigated this case and have engaged in extensive discovery, deposition taking, production of documents, filing of dispositive motions on several other grounds, motions *in limine*, motions to exclude expert witnesses, among others.  As a matter of fact, when PREPA recently filed the motion on grounds of a premature complaint, the case was already scheduled for trial.

Finally, plaintiff avers that defendant's request for dismissal of the complaint is not the appropriate relief to strict compliance with a ninety (90) day period that already elapsed because it would result in a meaningless dismissal.  This Magistrate Judge agrees. Regardless that at the time the complaint was filed it may have been premature as to the defendant, the condition has been cured by the lapse of time. *See* González v. Caribbean Carriers, Ltd., 379 F.Supp. 634 (D. Puerto Rico 1974).

Thus, on the grounds above discussed for dismissal, this Magistrate Judge opines defendant's PREPA's Motion to Annul the Complaint and to Dismiss for Lack of Jurisdiction lack merits and is untimely.

## CONCLUSION

In view of the foregoing, it is recommended that PREPA'S  Motion to Annul the Complaint and to Dismiss for Lack of Jurisdiction be DENIED. (Docket No. 202).

IT IS SO RECOMMENDED.

Due to the proximity of jury trial in this case, the parties are allowed **five (5) business days** to file any objections to this report and recommendation.  Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st

Orlando Alejandro-Ortiz, et al. v. P.R. Electric Power Authority, et al
Civil No. 10-1320 (FAB/CVR)
Report and Recommendation
Page No. 8

Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to

that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing,

and save its knockout punch for the second round").[3]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 29th day of September of 2011.

s/CAMILLE L. VELEZ-RIVE

CAMILLE L. VELEZ-RIVE

UNITED STATES MAGISTRATE JUDGE

---

[3] The parties are usually reminded that any objections to the Magistrate's Report and Recommendation must be filed with the Clerk of Court "within fourteen (14) days afer being served with a copy thereof. However, because of the trial scheduling, the Court has reduced said term to **five (5) business days**. Local Rule 72(d); *see also* 28 U.S.C. § 636(b)(1). Furthermore, the Court hereby set aside the three (3) days term provided by Local Rule 5.1. (*See* U.S. v. Diaz-Villafane, 874 F.2d 43, 46 (1 Cir. 1989)(*quoting* Braxton v. Bi-State Dev. Agency, 728 F. 2d 1105, 1107 (8th Cir. 1984) "[i]t is for the district court to determine what departures from it rules may be overlooked")).