**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ORLANDO ALEJANDRO-ORTIZ, *et. al.*,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, *et. al.*,<br><br>**Defendants.** | **CIVIL NO.** 10-1320 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

A district court may refer a pending non-dispositive motions to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(c). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the

Civil No. 10-1320 (FAB)                                                2

findings or recommendations made by the magistrate judge."

28 U.S.C. § 636 (a)(b)(1). Templeman v. Chris Craft Corp., 770

F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer

Pharmaceuticals, Inc., 286 F.Supp. 2d 144, 146 (D.P.R. 2003).

Furthermore, the Court may accept those parts of the report and

recommendation to which the parties do not object. See Hernandez-

Mejias v. General Elec., 428 F.Supp. 2d 4, 6 (D. P.R. 2005) (citing

Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp. 2d 114,

125-126 (D.R.I. 2004)).

I.   **Motion to Dismiss for Filing Complaint Prematurely**

On September 29, 2011, the United States magistrate judge

issued a Report and Recommendation (R&R) in this case, recommending

that defendant PREPA's motion to annul the complaint and dismiss

because the plaintiff filed the complaint before the decision of

the State Insurance Fund became final be **DENIED**.  (Docket No. 212)

Defendant PREPA objected to the R&R on October 2, 2011.  (Docket

No. 214.)  In their opposition to the R&R, PREPA alleges that the

magistrate judge "did not make any specific factual finding as to

whether the complaint was de facto filed prematurely" and was

therefore in violation of local law.  Id.  In support of its

argument, PREPA cites to a Supreme Court of Puerto Rico case in

Spanish, with no official translation.  The Court will not consider

this case or entertain PREPA's arguments regarding interpretation

of the relevant statute, because the Court may not consider matters

Civil No. 10-1320 (FAB)                                                    3

cited in Spanish without an English translation.  See Puerto Ricans

for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008).

     As the magistrate judge states in the R&R, the Puerto Rico

Workmen's Accident Compensation Act, 11 L.P.R.A. § 32, "is not

intended to be a tool for the third party [defendant PREPA] to use

in an effort to avoid being liable to plaintiff."  (Docket No. 212

at 4.)  In addressing this very argument, the First Circuit Court

of Appeals has held that the "primary purpose" of the statute "is

to give the Manager of the State Insurance Fund out of which [] an

employee has been compensated the right to be subrogated for the

benefit of the Fund to the rights of the employee to such a

recovery from a third party . . . ."   Waterman Steamship

Corporation v. Rodriguez, 290 F.2d 175, 177-178 (1st Cir. 1961).

The statute "is not intended to provide a shield for a third party

tort-feasor . . . ."  Id. at 178.  Thus, defendant PREPA does not

have standing to use this statute to seek dismissal.

     Moreover, PREPA has allowed this suit to continue for over a

year and half since the date when plaintiff initially filed the

complaint, without making any objections on the grounds of

prematurity until now.[1]  As the Waterman court states, "[w]e regard

it as immaterial that the suit was not dismissed and reinstituted

---

     [1] In its motion to dismiss, defendant alleges that the 90 day
period mentioned in the statute ended on May 22, 2010, and
plaintiff filed his complaint on April 16, 2010.  (Docket No. 202
at 2.)

after that date [on which the decision of the plaintiff's
compensation claim became final], since the law does not require
such a useless formalism." Id. at 178.  Accordingly, the remedy
defendant requests is neither timely nor appropriate.

The Court has made an independent examination of the entire
record in this case, including both parties' objections to the R&R,
and **ADOPTS** the magistrate judge's findings and recommendations as
the opinion of this Court.  Accordingly, defendant's motion for
dismissal for premature filing of the complaint is **DENIED.**

## II.  Motion to Dismiss for Lack of Diversity

On September 28, 2011, the United States magistrate judge
issued a Report and Recommendation (R&R) in this case, recommending
that defendant PREPA's motion to dismiss the complaint for lack of
diversity be **DENIED.**  (Docket No. 211.)  PREPA filed an objection
to the R&R on October 3, 2011.  (Docket No. 215.)  Plaintiffs filed
a response on October 6, 2011.  (Docket No. 217.)  The magistrate
judge found that plaintiff provided sufficient evidence to
establish that he is domiciled in Texas, thus providing diversity
jurisdiction.  As the First Circuit Court of Appeals has held,
"[f]or the purposes of diversity jurisdiction, citizenship is
usually equated with domicile." Valentin v. Hospital Bella Vista,
254 F.3d 358, 366 (1st Cir. 2001) (citing Rodriguez-Diaz v. Sierra-
Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988)).  As a general
matter, domicile requires satisfaction of two elements:

Civil No. 10-1320 (FAB)                                                    5

(1) physical presence in a state and (2) the intent to remain there

indefinitely.  Valentin, 254 F.3d at 366.  The analysis requires a

"totality of the evidence" approach, and some of the factors

considered in making the determination are the following:  "(1) the

person's place of voting; (2) the location of the person's real and

personal property (such as furniture and motor vehicles); (3) the

state issuing the person's drivers license; (4) the state where the

person's bank accounts are maintained; (5) club or church

membership; and (6) the person's place of employment."  Palermo v.

Abrams, 62 F.Supp.2d 408, 410 (D.P.R. 1999).

       The magistrate judge found that plaintiff established that his

domicile was Texas by providing the following information:  a copy

of a residential lease showing that plaintiff currently rents

property in Tomball, Texas; plaintiff's voter registration

certificate in Texas; evidence of plaintiff's intent to sell his

property in Cidra, Puerto Rico; copies of plaintiff's Texas

identification card and his wife's Texas driver's license; evidence

of payment of several utilities including a cell phone, gas, water,

phone service, and electricity using plaintiff's Texas address; and

a sworn affidavit submitted by plaintiff attesting to all those

facts.  See Docket No. 207.  No single factor controls the outcome

of the Court's determination of whether diversity exists; rather,

the Court must engage in a case-by-case analysis and use a

"totality of the evidence" approach.  See Palermo, 62 F.Supp.2d

Civil No. 10-1320 (FAB)                                          6

408, 410 (D.P.R. 1999).   The Court agrees with the magistrate

judge's determination that plaintiff has submitted sufficient

information to establish that his domicile is Texas, and that

diversity jurisdiction in this case is appropriate.

Finally, the magistrate judge further determined, and this

Court agrees, that an evidentiary hearing to determine the

credibility of plaintiff's assertions is unwarranted because

defendant PREPA alleged a sufficient lack of information to

determine the domicile of plaintiff, and did not raise any

allegations of plaintiff's lack of credibility.   See Docket

No. 200.

The Court has made an independent examination of the entire

record in this case, including both parties' objections to the R&R,

and **ADOPTS** the magistrate judge's findings and recommendations as

the opinion of this Court.   Accordingly, defendant's motion for

dismissal for lack of diversity jurisdiction is **DENIED.**

### III. Defendant PREPA's Local Rule 72(d) Motion

On October 13, 2011, defendant PREPA filed a motion under

Local Rule 72(d) asking this Court to revisit the Report and

Recommendation adopted by this Court, denying defendant's request

for summary judgment.   (Docket No. 220.)   Local Rule 72(d) states,

in part, the following:

> Any party may object to the magistrate judge's
> report of proposed findings and recommendations pursuant
> to 28 U.S.C. § 636(b)(1) within fourteen (14) days after
> being served a copy of it.   The party shall file with the

> clerk and serve on all parties written objections with
> shall specifically identify the portions of the proposed
> findings and recommendations to which objection is made
> and the basis for the objection.
>
> A district judge shall make de-novo determination of
> those portions to which objection is made and may accept,
> reject or modify, in whole or in part, the findings or
> recommendations made by the magistrate judge.

PREPA appears to believe that this local rule may be used by a party to "revisit" a motion that has already been denied by this Court. PREPA cites no legal authority in support of its proposition that such a request can be made "under" Local Rule 72(d), and in fact, there is none. It had its opportunity to present its objections to the magistrate judge's report and recommendation under Rule 72(d), which it did, and the Court was free to "accept, reject or modify" the report and recommendation accordingly. This Court adopted the magistrate judge's report and recommendation in full and denied defendant's motion for summary judgment. PREPA's efforts to re-litigate the summary judgment proceeding is improper, procedurally defective, and a waste of this Court's time.

PREPA also alleges that the magistrate judge has erred, in violation of Local Rule 72(b)(1), by omitting certain proposed findings of fact in its report and recommendations denying PREPA's motion for summary judgment and its motions to dismiss. (Docket No. 220 at 2, 6.) Local Rule 72(b)(1) reads as follows:

United States Magistrate Judges are also authorized to:

Civil No. 10-1320 (FAB)                                            8

> exercise general supervision of civil calendars, conduct calendar calls, some disposition hearings, status conferences, pretrial conferences, settlement conferences, mediation proceedings, and other related pretrial proceedings.

There is absolutely no mention of making "specific findings of fact" in this rule, let alone any indication that a magistrate judge's refusal to find facts that would be supportive of defendant's position is in any way an "error."  PREPA's motion alleging any remedies under Local Rule 72 is void of any merit, and is therefore **DENIED.**

**IV.  Defendant's Motion to Dismiss for Lack of Indispensable Parties**

On December 23, 2011, defendant PREPA filed a motion to dismiss for lack of indispensable parties, in violation of Federal Rule of Civil Procedure 19.  (Docket No. 234.)  Plaintiffs filed a response (Docket No. 240) and a supplemental response (Docket No. 241) in opposition.  PREPA alleges that under article 1802 of the Civil Code, which governs damage caused by fault or negligence, the breach of duty of care in this case was not caused by PREPA, but by BFI Waste Services ("BFI") (plaintiff's former employer) and Mrs. Anabelle Hernandez ("Hernandez") (plaintiff's former supervisor).  (Docket No. 234 at 2.)  PREPA spends over ten pages making conclusory allegations that BFI and Hernandez are indispensable parties to this action because they are "responsible" for plaintiff's injury, alongside claims that PREPA is in no way responsible for plaintiff's injury.  Rule 19 requires that a person

must be joined as a party to an action if (a) "in that person's absence, the court cannot accord complete relief among existing parties" or (b) "that person claims an interest relating to the subject of the action." F.R.C.P. 19(a). PREPA appears to rely on subsection (a), but makes no ascertainable arguments about why the Court could not afford relief to plaintiff in the present case without the joinder of BFI or Hernandez. Instead, PREPA merely opines that BFI and Hernandez are "necessary parties" to the litigation without providing any factual or legal support for this claim. It also claims that the addition of BFI and Hernandez, domiciled in Puerto Rico, would destroy diversity in this case, and would force the Court to dismiss this action. (Docket No. 234 at 11.)

The Court finds that BFI and Hernandez are in no way "indispensable" to this litigation. There is no evidence that BFI and Hernandez are in any way liable for the damages alleged by plaintiff. Even if BFI and Hernandez can be considered joint tortfeasors, it is well-established that in Puerto Rico, "when a negligent act is caused by the actions of more than one person, each person is a joint tortfeasor and is liable in full to the plaintiff for the harm caused." Jimenez-Ruiz v. Spirit-Airlines, 794 F.Supp.2d 344, 352 (D.P.R. 2011) (citing Garcia Colon v. Garcia Rinaldi, 340 F.Supp.2d 113, 126 (D.P.R. 2004)). "It has long been the rule that it is not necessary for all joint tortfeasors to be

Civil No. 10-1320 (FAB)                                                10

named as defendants in a single lawsuit." Id. (citing Temple v.
Synthes Corp. Ltd., 498 U.S. 5, 7 (1990)).  Thus, Rule 19 does not
require a person who is potentially liable as a joint tortfeasor to
be joined to an action as a necessary or indispensable party;
instead, that person is, at best, a permissive party subject to
joinder under Rule 20.  Id.  PREPA is free to pursue an indemnity
action against BFI and Hernandez if PREPA is found liable in this
case, but there is no requirement that these parties are necessary
to this litigation.

        Plaintiff contends that defendant's analysis ignores the fact
that Puerto Rico Workman's Accident Compensation Act (PRWACA)
provides immunity for BFI and Hernandez, because plaintiff, as an
injured worker receiving State Insurance Fund (SIF) benefits, may
not pursue a claim against his employer for damages sustained due
to negligence.  See Docket No. 241 at 2; see also Feliciano Rolon
v. Ortho Biologics LLC, 404 F.Supp.2d 409, 414 (D.P.R. 2005).
Plaintiff is barred from suing his employer under the immunity
provided to BFI and Hernandez by the PRWACA; these persons cannot
be added as parties to this action.  For the reasons stated above,
defendant's motion to dismiss for lack of indispensable parties is
**DENIED**.

## V.   Plaintiff's Motion for Sanctions

        On November 10, 2011, plaintiffs filed a motion for sanctions
against defendant PREPA.  (Docket No. 227.)  On December 5, 2011,

defendant PREPA filed an opposition (Docket No. 230) and a reply to
plaintiff's motion (Docket No. 231).  Plaintiffs allege that the
following actions taken by defendant were frivolous and require
sanctions to be imposed:  (1) PREPA's motion to dismiss for lack of
jurisdiction, (2) PREPA's motion to dismiss for filing the
complaint prematurely, (3) PREPA's refusal to withdraw both motions
to dismiss after email exchanges with counsel for plaintiff,
(4) PREPA's objections to both reports and recommendations denying
defendant's motions to dismiss, (5) PREPA's motion under Rule
72(d), and (6) PREPA's alleged refusal to engage in fruitful
settlement negotiations with plaintiff.  Plaintiffs claim that
sanctions are appropriate under Federal Rule of Civil Procedure
11(b) and under Rule 44.1(d) of the Puerto Rico Rules of Civil
Procedure.  (Docket No. 227 at 7, 9.)  PREPA rightfully alleges
that Rule 44.1(d) is not applicable because no judgment has been
entered against PREPA.  (Docket No. 231 at 3.)  The Court addresses
the merits of plaintiff's motion under Rule 11.

Rule 11(b) "prohibits filings made with 'any improper
purpose,' the offering of 'frivolous' arguments, and the assertion
of factual allegations without 'evidentiary support' or the
'likely' prospect of such support." Young v. City of Providence ex
rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005). While imposition
of Rule 11 sanctions does not require a finding of bad faith, "a
showing of at least 'culpable carelessness' is required before a

Civil No. 10-1320 (FAB)                                           12

violation of the Rule can be found.  <u>Citibank Global Markets, Inc.</u>
<u>v. Rodriquez Santana</u>, 573 F.3d 17, 32 (1st Cir. 2009).  The Court
finds that PREPA is to be sanctioned for the following:  (1) its
motion to dismiss for filing the complaint prematurely, (2) its
motion under Local Rule 72(d), and (3) its motion to dismiss for
lack of indispensable parties.  Accordingly, the Court **GRANTS IN**
**PART AND DENIES IN PART** plaintiff's motion for sanctions against
PREPA.

> **1.    Sanctions for Motion to Dismiss for Filing the Complaint**
> **Prematurely**

PREPA filed a motion to dismiss for filing the complaint
prematurely even though the First Circuit Court of Appeals had
directly addressed and disposed of the arguments made by PREPA.
<u>See</u> <u>Waterman Steamship Corporation</u>, 290 F.2d 175 (1st Cir. 1961).
PREPA proceeded with filing its motion even after counsel for
plaintiff sent a letter to PREPA's counsel identifying First
Circuit precedent and urged PREPA to withdraw its motion.  (Docket
No. 227-1.)  Moreover, PREPA filed its motion without mentioning
the <u>Waterman Steamship</u> case and differentiating the facts, or
citing to any other applicable case law.  <u>See</u> Docket No. 202 (PREPA
cited to two Supreme Court of Puerto Rico cases in Spanish, without
providing any official English translation.)  The Court finds that
this motion was filed by PREPA solely to cause unnecessary delay of
trial, because the pleadings requested relief that was contrary to

Civil No. 10-1320 (FAB)                                           13

First Circuit precedent and the legal contentions raised in the motion were presented without any adequate legal support.

**2.   Sanctions for Rule 72(d) Motion**

PREPA filed a largely incomprehensible motion requesting unprecedented relief under Local Rule 72(d).  In particular, PREPA requested that the magistrate judge's report and recommendation denying PREPA summary judgment, which was adopted in full by this Court, "be revisited by making specific fact finding determinations" and that summary judgment requested by PREPA be granted.  (Docket No. 220 at 7.)  PREPA's pleading contained three and a half pages of "uncontested facts" provided by PREPA, and included no reference to legal precedent that would support the relief requested.  (Docket No. 220.)  The motion was improper, frivolous, required plaintiffs to spend needless time and money on researching and responding to PREPA's nonsensical arguments, and resulted in a waste of the Court's resources.

**3.   Sanctions for Motion to Dismiss for Lack of Indispensable Parties**

PREPA filed a motion to dismiss the complaint for lack of indispensable parties one day before Christmas eve.  (Docket No. 234.)  PREPA alleged that plaintiff's employer and direct supervisor were indispensable parties to the litigation under Federal Rule of Civil Procedure 19, including over ten pages of "facts" alleging that these parties, and not PREPA, were actually liable for the damages suffered by plaintiff.  (Docket No. 234

Civil No. 10-1320 (FAB)                                              14

at 2-10.)   PREPA further alleged that these parties must be added

to the current litigation, admitting that joinder would defeat

jurisdiction and remove the diversity jurisdiction of this Court.

Id. at 11.  Although PREPA cited to various cases in their lengthy,

twenty-page motion, none provided any persuasive or controlling

legal authority, and the disjointed motion contained several legal

and factual misrepresentations.  Finally, as plaintiffs point out

in their supplemental response in opposition to PREPA's motion, the

Puerto Rico Workmen's Accident Compensation Act, the applicable

state law in this case, expressly prohibits joining plaintiff's

employer and direct supervisor to the litigation, because of their

statutory immunity from suit.  (Docket No. 241.)   PREPA failed to

mention this absolute bar to the remedy requested in their motion

to dismiss.  PREPA's motion was untimely, frivolous, lacked merit,

and contained various misrepresentations of law and fact.

### CONCLUSION

For the reasons stated above, this Court **ADOPTS** the magistrate

judge's report and recommendations **DENYING** PREPA's motions to

dismiss the complaint for premature filing of the complaint and for

lack of diversity; **DENIES** PREPA's Rule 72 motion; **DENIES** PREPA's

motion to dismiss for lack of indispensable parties.

Additionally, the Court **GRANTS IN PART AND DENIES IN PART**

plaintiff's motion for sanctions.  As a sanction, PREPA and its

attorneys, Jorge Stefan Molina-Mencia and Jose R. Perez-Hernandez,

Civil No. 10-1320 (FAB)                                                    15

are ordered to pay plaintiffs the reasonable fees and expenses
plaintiffs incurred in opposing PREPA's (1) motion to dismiss for
filing the complaint prematurely; (2) its motion for relief
pursuant to Local Rule 72(d); and (3) its motion to dismiss for
lack of indispensable parties.  No later than **January 27, 2012,**
plaintiffs will file a memorandum setting forth the reasonable fees
and expenses they incurred in opposing and responding to those
three motions.

      **IT IS SO ORDERED.**

      San Juan, Puerto Rico, January 17, 2012.


                         s/ Francisco A. Besosa
                         FRANCISCO A. BESOSA
                         UNITED STATES DISTRICT JUDGE