IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO ALEJANDRO-ORTÍZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> P.R. ELECTRIC POWER AUTH., ET AL., <br><br> Defendants. | CIV. NO.: 10-1320(SCC) |

**MEMORANDUM AND ORDER**

On August 28, 2014, I granted Intervenor LFR Collections's motion to intervene to assert a claim to certain attorneys fees owed to the Law Firm of Matthews & Fullmer and currently held by this court. *See* Docket No. 485. Matthews & Fullmer now seek reconsideration of that Order, raising for the first time the argument that the Court should apply *Colorado River* abstention to "abstain from federal jurisdiction and dismiss the intervention filed by LFR." Docket No. 486, at 10; *see also Colo.*

*River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Matthews & Fullmer's motion is entirely without merit.

To begin with, Matthews & Fullmer claims that it is "almost self-evident" that *Colorado River* abstention should apply, but it nowhere mentions that "[o]f all the abstention doctrines, it is to be approached with the most caution." *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 (1st Cir. 2010). The doctrine "is to be used sparingly and approached with great caution." *Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 115 (1st Cir. 2010). Indeed, the First Circuit applies an "exceptional circumstances test" when considering whether *Colorado River* abstention should apply. *Jimenez*, 597 F.3d at 27. So, while Matthews & Fullmer doesn't mention it, I must consider its motion keeping in mind the exceedingly strong presumption *against* abstention.

Briefly, then, I will consider the *Colorado River* factors, which make plain that abstention is inappropriate here. The First Circuit has identified eight factors to be considered in *Colorado River* cases. They are: (1) "whether either court has assumed jurisdiction over a *res*"; (2) "the inconvenience of the federal forum"; (3) "the desirability of avoiding piecemeal litigation"; "the order in which the forums obtained jurisdic-

tion"; (5) "whether state or federal law controls"; (6) "the adequacy of the state forum to protect the parties' interests"; (7) "the vexations or contrived nature of the federal claim"; and (8) "respect for the principles underlying removal jurisdiction." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 10 (1st Cir. 2003).

Matthews & Fullmer assert that the first factor—jurisdiction over a *res*—is neutral because "both the Texas state court and this Court have jurisdiction over" the fees at issue. This is incorrect. The fees at issue are held in this Court's registry; as such, *only* this Court presently has jurisdiction over them. The Texas court might only obtain jurisdiction over the money if I decided this matter in Matthews & Fullmer's favor and released to it the money. But until the money is disbursed, it is a matter for this Court to decide. As such, the first factor strongly favors—and perhaps mandates—federal jurisdiction.

Matthews & Fullmer argue that the second factor—geographical inconvenience—favors the Texas court. It suggests that because it is based in Texas, and because its principals are not licensed to practice in this forum, litigating this matter in Puerto Rico will be inconvenient. I reject this argument. Matthews & Fullmer chose this forum when it filed

this action, and the present dispute is a fee issue ancillary to the lawsuit Matthews & Fullmer initiated. Further, the firm's principals are admitted *pro hac vice* in this case and need not worry about the status of their bar admission. The second factor is therefore neutral.[1]

Matthews & Fullmer also argue that the third factor—the interest in avoiding piecemeal litigation—favors abstention. The First Circuit has held, however, that "[w]eight may be afforded to the piecemeal litigation factor only where the implications and practical effects of litigating the parallel actions provide an *exceptional* basis for surrendering federal jurisdiction, such as a clear competing policy or some special circumstances."[2] *Nazario-Lugo*, 670 F.3d at 116. Matthews & Fullmer identify no exceptional circumstances; to the contrary, "[t]he parallel actions here trigger, at most, only routine risks

---

1. Matthews & Fullmer also argues that the inconvenience will be multiplied by having to repeat discovery already done in the Texas case. This isn't an issue of geographical convenience, however, and so will be considered below.

2. I note that Matthews & Fullmer's most significant failing in discussing this factor—as well as *Colorado River* abstention in general—is its refusal to acknowledge just how heavily the scales are weighted against it. By not acknowledging such adverse precedent, the firm lost the opportunity to argue against its applicability.

presenting no occasion to animate the piecemeal litigation factor." *Id.* at 117. In fact, it is not even obvious that the litigations are parallel, as the Texas court currently lacks jurisdiction over the money held in this Court's registry. As such, the third factor is neutral or favors federal jurisdiction. *Cf. id.* at 17 n.6 ("We are doubtful that the issues in the two courts necessarily were identical.").

Matthews & Fullmer argues that the fourth factor—the order in which the courts obtained jurisdiction—also favors the Texas court. Principally, the argument on this point deals with the fact that discovery has been completed in the Texas court while it has not begun here. Even if this factor does weigh in Matthews & Fullmer's favor, it is only slightly. The relevant parties are present in both suits, and I have no interest in permitting duplicative discovery here; if discovery is complete in the Texas court, it may well be treated as complete or nearly complete here. Moreover, it should again be noted that *only* this Court has jurisdiction over the fees at issue. The fourth factor is neutral or weighs marginally in favor of the Texas court.

Again, Matthews & Fullmer asserts that the fifth factor—whether state or federal law controls—favors the Texas

court. But "no weight should [be] given to the source-of-law factor" where the federal action merely requires "application of settled local law." *Nazario-Lugo*, 670 F.3d at 117. This is because "there is nothing extraordinary about federal courts being called upon to analyze the law of different jurisdictions." *Id.* at 118. Matthews & Fullmer make no effort to argue that this case involves complex or unsettled state law issues, and my sense is that it does not. This factor is neutral.

Matthews & Fullmer also take the position that the sixth factor—the adequacy of the state forum—favors abstention. Of course, the Texas court is competent to resolve this dispute. But the fact that the Texas court "might be an *adequate* forum does not militate in favor of abstention." *United States v. Fairway Capital Corp.*, 483 F.3d 34, 43 (1st Cir. 2007). Instead, the sixth factor is only important "when it *disfavors* abstention." *Id.* (emphasis added). Otherwise—as here—"this factor is neutral." *Id.* at 44.³

Of the eight factors considered by the First Circuit, only one arguably favors abstention, and then only slightly. The other factors are all neutral or favor the retention of jurisdiction.

---

3.  I agree with Mattehws & Fullmer that the seventh and eighth factors have no bearing on this case.

Most crucially, this is the only Court that currently has jurisdiction over the disputed funds. Matthews & Fullmer has failed to carry its heavy burden in showing *Colorado River* abstention's applicability, and its motion is accordingly denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of September, 2014.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE