IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO ALEJANDRO-ORTÍZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> P.R. ELEC. POWER AUTH., ET AL., <br><br> Defendants. | CIV. NO.: 10-1320(SCC) |

**MEMORANDUM AND ORDER**

Plaintiff in Intervention LFR Collections, LLC ("LFR") has filed a motion for summary judgment against Defendant in Intervention Matthews & Fullmer Law Firm ("Matthews & Fullmer"). This matter concerns attorneys' fees owed to Matthews & Fullmer, the firm that represented the plaintiffs in this case. Because of a separate matter, those fees were paid by Defendant PREPA into the Court's registry, where they remain. Matthews & Fullmer has two principals: Toby Fullmer and W. Douglas Matthews. Matthews is also the principal of

another firm, called the Matthews Law Firm. LFR is a creditor of Matthews and the Matthews Law Firm, and it asserts an interest in the fees held in the Court's registry. LFR's claim to the money, as reflected by its motion for summary judgment, is based on two arguments: first, that Matthews & Fullmer is an alter ego of the Matthews Law Firm, Docket No. 494, at 12; and second, that Matthews & Fullmer is a mere successor of the Matthews Law Firm, *id.* at 17. Summary judgment is appropriate under neither of these theories.

I begin with LFR's successor liability theory because the analysis is simpler. I note, however, that despite my explicit instruction that the parties either stipulate as to what forum's law applies to this claim or make arguments as to choice of law,[1] neither party has actually complied with that command.[2]

---

1. *See Alejandro-Ortiz v. PREPA*, Civ. No. 10-1320(SCC), 2014 WL 4260672, at *3 n.7 (D.P.R. Aug. 28, 2014) ("Going forward, the parties should stipulate to the law that should control or they should brief the matter (or show that the choice is irrelevant).").

2. Matthews & Fullmer purports to agree with LFR's position that Texas law governs this question. *See* Docket No. 498, at 5. However, LFR's motion only performs a choice of law analysis with regard to the alter ego question; with regard to successor liability, it applies New York law without explanation. *See* Docket No. 494, at 17–18.

Instead, LFR has simply assumed that New York law applies,[3] while Matthews & Fullmer assumes that Texas law applies. Ultimately, however, it makes no difference. Under New York law, successor liability is possible only where the original corporation has ceased to function. *See, e.g.*, *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 195, 245 (N.Y. 1983) (holding that under New York law, "the predecessor corporation must be extinguished" in order for successor liability to apply). Here, however, whether the Matthews Law Firm continues to exist is a disputed issue of fact. *See* Docket No. 497, ¶ II.2 (proposing that Matthews & Fullmer and the Matthews Law Firm both existed and operated at the same time). And Texas law permits successor liability only where the putative successor "expressly assume[s]" the other corporation's liabilities. TEX. BUS. ORG. CODE § 10.254; *see also E-Quest Mgmt., LLC v. Shaw*, 433 S.W.3d 18, 24 (Tex. App. 2013) ("Texas courts have interpreted [§ 10.254] as expressly abrogating the mere continuation

---

3. LFR presumably does this on the basis of the security agreement between it and the Matthews Law Firm, which agreement provides that New York law applies. *See Alejandro-Ortiz*, 2014 WL 4260672, at *3 n.7. As I previously explained, however, the applicability of that choice of law provision is not obvious given the fact that Matthew & Fullmer disputes whether it is a party to the agreement at all. *Id.*

doctrine as a means of imposing successor liability."); *Motor Components, LLC v. Devon Energy Corp.*, 338 S.W.3d 198, 205 (Tex. App. 2011) (similar). But Matthews & Fullmer has not expressly assumed the Matthews Law Firm's debts, *see* Docket No. 497, ¶ II.7, so no successor liability can exist under Texas law either. Summary judgment is thus denied on this ground.

As to whether Matthews & Fullmer is an alter ego of the Matthews Law Firm, the parties agree that Texas law controls. Texas law, however, provides that a corporation may only be held liable as an alter ego where it was "used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of" one of the corporation's principals. TEX. BUS. ORG. CODE § 21.223(b). Thus, the corporate structure may be disregarded only on a showing of actual fraud. *SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2009); *Ocram, Inc. v. Bartosh*, No. 01-11-793-CV, 2012 WL 4740859, at *3 (Tex. App. Oct. 4, 2012) ("[A]lter ego or other similar theories may be used to pierce the corporate veil *only if* (1) actual fraud is shown and (2) it was perpetrated primarily for the direct personal benefit of the corporation's holder."). "Actual fraud is 'the misrepresentation of a material fact with the intention to induce action or

inaction, [and] reliance on the misrepresentation by a person who, as a result of such reliance, suffers injury.'" *In re Ritz,* 513 B.R. 510, 522 (S.D. Tex. 2014) (quoting *Trustees of Nw. Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski,* 27 F.3d 153, 157 (5th Cir. 1994)); *see also DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex. 1990) (defining actual fraud). Putting aside whether or not LFR has shown that Matthews & Fullmer is an alter ego of the Matthews Law Firm, it has failed to show that there are no issues of material fact regarding whether or not Matthews & Fullmer was used to perpetrate an actual fraud. To be sure, the fact that Matthews & Fullmer incorporated just after judgment was entered against the Matthews Law Firm in New York may go some way towards proving fraud. But Matthews & Fullmer has raised material issues of fact by suggesting that it existed prior to that judgment—including when this case began—and was created to protect Toby Fullmer's fee interest in certain cases. Choosing among these conflicting narratives is not something that can be done on summary judgment. Accordingly, LFR's motion is denied on this ground as well.

 Given that LFR's motion for summary judgment must be denied, and given that no further dispositive motions are

pending, it seems that a trial must be held to resolve LFR's claims against Matthews & Fullmer. As a general matter, an intervenor has a right to a jury trial on its claims. *See, e.g., Campbell v. Plank*, 133 F.R.D. 175, 176 (D. Kan. 1990) ("Under the federal rules, 'there is no longer any procedural obstacle to the assertion of [an intervenor's] legal rights before juries . . . .'" (quoting *Ross v. Bernard*, 396 U.S. 531, 542 (1970))). Here, however, LFR's complaint in intervention did not contain a jury demand, Docket No. 454-12, nor did Matthews & Fullmer's answer, Docket No. 489. *See* FED. R. CIV. P. 38(b) (requiring a jury demand to be served within "14 days after the last pleading directed to the issue"). Accordingly, the parties have waived their right to a jury trial, FED. R. CIV. P. 39(b) ("Issues on which a jury trial is not properly demandded are to be tried by the court."), and a bench trial will be held instead. The bench trial is set for June 1, 2015, at 9:00 a.m. If LFR intends to press at trial any theories of liability other than those argued in its motion for summary judgment, it must so inform the Court within fourteen days. Within thirty days, the parties must either (1) file stipulations regarding what law controls each theory of liability, or (2) file simultaneous memoranda regarding choice of law as to each theory of liability. Finally, in

addition to whatever other arguments and facts the parties think are appropriate to prove their claims and defenses, they must be prepared to discuss: (1) when the Matthews Law Firm came into existence, and in what corporate form; (2) whether the Matthews Law Firm continued to exist after the incorporation of Matthews & Fullmer, LLC, and whether it continues to exist today; (3) whether, assuming that Matthews & Fullmer was originally created as a general partnership, that partnership continued to exist after the incorporation of Matthews & Fullmer, LLC; (4) what motivated the incorporation of Matthews & Fullmer, LLC, in 2012; and (5) whether the work done in this case was accounted and paid for separately from the Matthews Law Firm, both before and after the incorporation of Matthews & Fullmer, LLC.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of April, 2015.

    S/ SILVIA CARREÑO-COLL
    UNITED STATES MAGISTRATE JUDGE